## MERCHANTS' PROTECTIVE ASS'N v. CONTINENTAL NAT. BANK.

No. 4788.   Decided December 2, 1929.   (283 P. 437.)

*C. E. Norton*, of Salt Lake City, for appellant.

*Cheney, Jensen & Marr*, of Salt Lake City, for respondent.

ELIAS HANSEN, J.

Plaintiff brought this action to recover from the defendant $1,853.83, which plaintiff claimed it paid the defendant under mistake of fact. The trial court found that the money sued for was paid for electric light consumed by plaintiff and was not paid under a mistake of fact. Judgment was rendered dismissing the complaint. Plaintiff appeals.

By the assignments of error plaintiff seeks a reversal of the judgment because, as claimed by it, the finding that the money sued for was paid for electric light consumed by it, and not under mistake of fact, is contrary to and is not supported by the evidence.

From March, 1910, to October, 1923, plaintiff occupied rooms in the Beason Building at Salt Lake City, Utah. That building was owned during that period of time by defendant. Plaintiff paid defendant an agreed monthly rental for the use of the rooms occupied by it. Each month during the period from March, 1910, to October, 1923, the defendant presented to plaintiff a bill for electricity which it claimed plaintiff had consumed during the previous month. The bills so presented were paid by plaintiff. In this action the plaintiff seeks to recover back the moneys so paid to the defendant for electricity.

Clara Reed and Francis G. Luke testified on behalf of plaintiff. The former testified that she was the bookkeeper and cashier of plaintiff corporation; that she had charge of the accounts and books of the corporation. She identified various checks which had been executed and delivered by plaintiff to defendant for electric lights during the period the plaintiff occupied the Beason Building as tenant of defendant. The checks are in various amounts, ranging from $3 to $21.20. Some of the checks were signed by Clara Reed on behalf of the corporation. Others were signed by Francis G. Luke, the president and general manager of the corporation. Francis G. Luke testified that he is, and for 34 years has been, the president and general manager of the plaintiff corporation; that during such 34 years he has occupied what is now known as the Beason Building. Further testimony given by this witness, as appears from the transcript, is:

"During the first fifteen or sixteen years we occupied the rooms in that building we got no light charges whatever. Along about the year 1909 we commenced using an all-night force there and at that time I suggested that we pay one-half of the light, and to determine what that should be I suggested that they put in a meter and we were to pay one-half of what the meter read for light each month. That continued for a period of about a year and half. The bills were rendered each month. We expected to continue the all-night force permanently. It was interrupted temporarily as I supposed, and each week or month we expected to resume the all-night force. The pay-

ment of the light bills started when the night force was put on. * * * We never did resume the night force again, but we continued to pay the light. * * * We did not notice there was an overpayment by us until about the spring of 1924. * * * I called Mr. Gallacher's attention to it and explained to him I believed we had been overpaying for about ten or fifteen years. * * * I explained to him how I understood this light bill happened to be paid month after month simply because we got into the habit of it when it was proper to pay it and we never stopped it when we discontinued our night force. Mr. Gallacher said he would look it up. I refused to pay anything more on the bill that Mr. Gallacher presented from that time on."

Apparently Mr. Gallacher was not the agent or employee of the defendant, but was in the employ of the defendants' grantee.

Francis G. Luke further testified that one night he pulled a certain switch below the meter and it cut off the light in Mr. Kearns' room across the hall.

Just when it was that Francis G. Luke claimed to have discovered that plaintiff was paying for electricity not consumed by it is uncertain. Apparently it was two or three years after the defendant sold the Beason Building.

It is further made to appear that some of the tenants in the Beason Building did not pay for the electricity that was consumed by them.

There is no evidence, and no claim is made, that the defendant agreed to furnish electricity without cost to the plaintiff. Neither is it claimed that the plaintiff did not use electricity during the period that it was a tenant of defendant. Nearly four years elapsed between the time the plaintiff paid to the defendant the last month's electric light bill and the time this action was begun. In October, 1923, defendant sold the Beason Building, and plaintiff continued as tenant of the building while the same was in the ownership of defendant's grantee. So far as appears, plaintiff never questioned its obligation to pay defendant the electric light bills until shortly before this action was commenced which was on October 28, 1927.

It is upon substantially the foregoing evidence that plaintiff claims a judgment should have been rendered in its favor. We are of the opinion that plaintiff is not entitled to prevail in its contention. The payment of monthly electric light bills for a period of more than 13 years solely as a resul of habit is so uncommon that it cannot be said, as matter of law, that such testimony must be believed. The evidence justifies the inference that the plaintiff paid the electric light bills pursuant to an expressed or implied agreement.

Other errors are assigned, but in view of the conclusion we have reached it becomes unnecessary to discuss them.

THE JUDGMENT IS AFFIRMED. Respondent is awarded its costs.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.